

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00124-CR

Dominique Martez **REED**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0009
Honorable Jennifer Peña, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Adrian A. Spears II, Justice

Delivered and Filed: June 25, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Dominique Martez Reed pled guilty to murder in 2014, but there was no agreement as to punishment. *See* TEX. PENAL CODE ANN. § 19.02. On March 2, 2015, the trial court held a sentencing hearing and assessed punishment at life imprisonment. Appellant then appealed, and we dismissed his appeal for want of jurisdiction. *Reed v. State*, No. 04–15–00171–CR, 2015 WL 3395377, at *1 (Tex. App.—San Antonio May 27, 2015, no pet.) (per curiam) (mem.

op.) (not designated for publication).  Thereafter, appellant filed a writ of habeas corpus with the Court of Criminal Appeals of Texas.  The Court of Criminal Appeals granted relief, stating

> While Applicant pleaded guilty to the offense, there was no agreement as to punishment because he pled open to the trial court.  He therefore should have been allowed to appeal any potential sentencing issues.

> Relief is granted. . . .  Applicant may file an out-of-time appeal of his sentence in cause number 2011CR0009 from the 290th District Court of Bexar County.

*Ex parte Reed*, No. WR-95,419-01, 2024 WL 466181, at *1 (Tex. Crim. App. Feb. 7, 2024) (per curiam) (not designated for publication).  In 2024, appellant filed a notice of appeal, pursuant to the Court of Criminal Appeals' authorization for an out-of-time appeal.  *See id.*

On appeal, appellant's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and requested permission to withdraw.  In his brief, counsel concludes that this appeal is wholly frivolous and without merit.  Counsel provided appellant with a copy of the brief and informed appellant of his right to review the record and to file his own brief.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).  Appellant subsequently requested the record, which we provided to him, and filed a *pro se* brief.

After reviewing the record, counsel's brief, and appellant's *pro se* brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  Accordingly, the judgment of the trial

court is affirmed, and appellate counsel's motion to withdraw is granted.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.